UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FRANO IVEZAJ,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. 2:19-CV-12886
Hon. Denise Page Hood

_____/

## ORDER ACCEPTING REPORT AND RECOMMENDATION AND DISMISSING CAUSE OF ACTION

This matter is before the Court on Magistrate Judge Patricia T. Morris's Report and Recommendation. **[Doc. No. 16]** Plaintiff filed timely objections, and Defendant filed a timely response to the objections. **[Doc. Nos. 17 and 18]**

Judicial review of the Commissioner's decision is limited in scope to determining whether the Commissioner employed the proper legal criteria in reaching his conclusion. *Garner v. Heckler,* 745 F.2d 383 (6th Cir. 1984). The credibility findings of an administrative law judge ("ALJ") must not be discarded lightly and should be accorded great deference. *Hardaway v. Secretary of Health and Human Services*, 823 F.2d 922, 928 (6th Cir. 1987). A district court's review of an ALJ's decision is not a *de novo* review. The district court may not resolve

conflicts in the evidence nor decide questions of credibility. *Garner*, 745 F.2d at 397. The decision of the Commissioner must be upheld if it is supported by substantial evidence, even if the record might support a contrary decision or if the district court arrives at a different conclusion. *Smith v. Secretary of HHS*, 893 F.2d 106, 108 (6th Cir. 1984); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986).

The Court has had an opportunity to review this matter and finds that the Magistrate Judge reached the correct conclusions for the proper reasons. Plaintiff has filed three objections to the Report and Recommendation. For the reasons that follow, the Court is not persuaded that any of the objections warrant an award of benefits or remand of this matter to the Commissioner.

Plaintiff first asserts that the Magistrate Judge was wrong in concluding that the ALJ did not err in designating Plaintiff's RFC as medium work, a designation that would have directed a conclusion of disabled for Plaintiff for light work activity. Plaintiff: (a) suggests the Magistrate Judge erroneously based her conclusion on a psychologist's assessment of Plaintiff's physical capacity; (b) cites certain records and statements that could support a limitation of light work; and (c) identifies some evidence of greater back pain and limitations than the ALJ or the Magistrate Judge deemed appropriate.

The Court, however, is persuaded that there is substantial evidence in the record to support designating Plaintiff's RFC as medium work. Dr. Langham (a D.O.), not a psychologist, assessed Plaintiff's physical capacity during his physical consultative examination. There is no other physical RFC evaluation or opinion of Plaintiff in the record, nor any CT or MRI evidence (as claimed by Plaintiff) submitted to the ALJ for review. Dr. Langham, who considered all of the evidence of Plaintiff's back pain complaints, determined Plaintiff to be capable of medium work. And, although Dr. Langham included a statement in his report that "he [Plaintiff] should be capable of light strength work," the statement was made in a section evaluating Plaintiff's recitation of his symptoms, not a conclusion about Plaintiff's physical capacity.

Plaintiff next objects to the Magistrate Judge's conclusion that the ALJ did not err when giving little weight to the opinions of Plaintiff's treating psychologist, Dr. Robert Schillace, or Dr. Adrian Valle, M.D. The Court finds that the ALJ and Magistrate Judge did not err, for several reasons. First, although Dr. Schillace had some progress notes, he had none to support his diagnosis of PTSD. Although this is not Plaintiff's fault, there is no other indication in the record that he suffered from PTSD or any symptoms. Second, none of the other mental health professionals who saw Plaintiff or reviewed the record reached that conclusion,

3

some rebuked it, and there is evidence that Plaintiff performed satisfactorily at the consultative examination and was considered intact. *See, e.g.,* ECF No. 9-7, PageID.530, 557, 562. Third, it was not improper for the ALJ to take into consideration the absence of documentation to support the PTSD diagnosis by Schillace. 20 C.F.R. § 404.1527(c)(3) ("The more a medical source presents relevant evidence to support a medical opinion, particularly medical signs and laboratory findings, the more weight we will give that medical opinion.").

As to Dr. Valle, Plaintiff contends that the Magistrate Judge should have remanded this matter to the Commissioner for an updated opinion from Dr. Valle. As Plaintiff concedes, however, the ALJ requested and received several updates following an initial unfavorable decision issued on November 22, 2016, all of which ultimately led to a supplemental hearing held on May 30, 2018, at which time Plaintiff's treating psychologist (Dr. Schillace), a vocational expert, and a medical expert provided testimony. Dr. Valle answered written interrogatories and gave a medical source statement of ability to do work-related activities (mental) on December 9, 2016, and the Listing of Impairments pertaining to mental health changed effective January 17, 2017 (five weeks later).

Like the Magistrate Judge, the Court finds that remand for an updated report from Dr. Valle is not warranted. Three other medical professionals, James R.

Wargel, Ph.D, John Conley II, M.D., and Nicole Martinez, M.D., rendered opinions that considered the updated Listing of Impairments mental health criteria. The ALJ was permitted to rely upon their opinions, especially as the only remaining valid marked limitations assessed by Dr. Valle pertained to social functioning and interaction with others – and those were based on Plaintiff's subjective claims set forth in the consultative reports.

Plaintiff also believes that the inclusion in the ALJ's hypothetical question of the limitation that Plaintiff would be off task 10% of the time was inaccurate and not supported by substantial evidence. Like the Commissioner, the Court finds that allowing for Plaintiff to be off task 10% of the time: (1) was not included in the RFC finding; (2) is not found in any medical evidence in the record; and (3) is more restrictive than the findings made by Drs. Nicole Huby, Ph.D., Wargel, Conley, and Martinez.

The Court notes that the ALJ concluded that Plaintiff could perform "simple and routine tasks in an environment with only occasional changes to tasks and routines" and "no more than occasional contact with supervisors, coworkers, and the public." ECF No. 9-2, PageID.45. The Court finds that the evidence in the record supports such a conclusion and that the potential jobs listed by the vocational expert (cleaner, DOT code number 389.683-010 (1,200,000 jobs in the

5

national economy), material handler, DOT code 579.687-018 (500,000 jobs), and assembler, DOT code 806.684-010 (1,000,000 jobs)) fall within those limitations. The consideration of a 10% off task consideration is also supported by the conclusions of Drs. Huby ("able to perform simple unskilled work"); Wargel ("only minimal difficulty with understanding, remembering, and completing simple instructions and making simple work-related decisions" with "occasional" interactions with co-workers, public and supervisors), and Conley ("capable of understanding, completing and managing both simple and complex ordinary work requirements for an 8 hour day, 40 hour week, relating adequately to supervisors, co-workers and the public, adapt to ordinary work changes in routine, maintain pace, attention and concentration and make appropriate judgments").

After a consideration of the entire record, the Court concludes that there was substantial evidence to support the ALJ's denial of disability benefits to Plaintiff. The Court therefore accepts the Magistrate Judge's Report and Recommendation as this Court's findings of fact and conclusions of law and agrees with the Magistrate Judge's recommendation that this matter be dismissed.

Accordingly,

**IT IS ORDERED** that the Report and Recommendation of Magistrate Judge Patricia T. Morris **[Doc. No. 16, filed January 27, 2021]** is **ACCEPTED** and **ADOPTED** as this Court's findings of fact and conclusions of law.

**IT IS FURTHER ORDERED** that Plaintiff's Objections **[Doc. No. 17, filed February 3, 2021]** are **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment **[Doc. No. 12, filed January 13, 2020]** is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment **[Doc. No. 15, filed April 24, 2020]** is **GRANTED**.

**IT IS FURTHER ORDERED** that this matter is **DISMISSED WITH PREJUDICE**.

DATED: September 30, 2021

s/Denise Page Hood
DENISE PAGE HOOD
United States District Judge

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on September 30, 2021, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager